UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BARBARA BELL-SHANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-03973-JPH-DLP |
| ) | |
| KRISTA COX, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' UNOPPOSED MOTION FOR SUMMARY JUDGMENT**

Plaintiff Barbara Bell-Shannon brings this action alleging that the defendants were deliberately indifferent to her serious medical needs while she was incarcerated at Rockville Correctional Facility. The defendants, Dr. Krista Cox and Nurse Tosha Davis, have filed a motion for summary judgment, arguing that Ms. Bell-Shannon failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). For the reasons explained below, the motion for summary judgment is **granted as it relates to Nurse Davis** and **denied as it relates to Dr. Cox**.

**I.
SUMMARY JUDGMENT STANDARD**

A motion for summary judgment asks the Court to find that the movant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. *See* Fed. R. Civ. P. 56(a). A party must support any asserted disputed or undisputed fact by citing to specific portions of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party may also support a fact by showing that the materials cited by an adverse party do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce

1

admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the only disputed facts that matter are material ones—those that might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page*, 906 F.3d 606, 609−10 (7th Cir. 2018). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the factfinder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials and need not "scour the record" for evidence that is potentially relevant to the summary judgment motion. *Grant v. Trustees of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 56(c)(3).

## II.
## BACKGROUND

### A. IDOC Offender Grievance Process

Upon entry into the Indiana Department of Correction ("IDOC"), and upon transfer to a new facility within IDOC, each offender is advised of the IDOC Offender Grievance Process and provided with a copy of the policy or instructed on how to access a copy of the policy. Dkt. 22-1, para. 6.

Since October 1, 2017, the Offender Grievance Process has consisted of the following steps: (1) a formal attempt to resolve a problem or concern following an unsuccessful attempt at an informal resolution; (2) a written appeal to the facility Warden or the Warden's designee; and (3) a written appeal to the IDOC Grievance Manager. *Id.* at para.8.

To satisfy the first step, an offender must submit a completed State Form 45471 "Offender Grievance" no later than ten business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist. *Id.* at para. 10.

If the offender disagrees with the formal response to the grievance, the offender may appeal the response to the facility Warden or the Warden's designee by submitting State Form 45473 "Grievance Appeal" to the Grievance Specialist within five business days after receiving the grievance response. *Id.* at para. 12.

If the offender is dissatisfied after receiving the appeal response, the offender may appeal to the IDOC Offender Grievance Manager. *Id.* at para. 13. To do this, the offender must check the "Disagree" box, sign the response, submit the grievance appeal, and submit any additional pertinent documentation to the Grievance Specialist within five business days of receiving the appeal response. *Id.*

The IDOC Offender Grievance Manager's decision regarding the offender's grievance is final and constitutes completion of the grievance process. *Id.* at para. 15. Once the offender receives the Department Offender Grievance Manager's appeal response, the offender has exhausted all remedies at the Department level. *Id.*

### B. Ms. Bell-Shannon's Claims

Ms. Bell-Shannon's complaint sets forth two allegations of deliberate indifference. First, the complaint alleges that upon Ms. Bell-Shannon's arrival at Rockville Correctional Facility, Dr.

3

Cox discontinued her anti-seizure medications without a legitimate medical reason and refused to reinstate any of her medications until April 2, 2019. Dkt. 1. Even after April 2, 2019, Dr. Cox refused to reinstate Ms. Bell-Shannon's Topamax prescription. *Id.* This refusal was allegedly based on a desire to save money rather than professional medical judgment. *Id.* Second, the complaint alleges that on March 20, 2019, Nurse Davis allegedly refused to provide Ms. Bell-Shannon with medical treatment while Ms. Bell-Shannon suffered back-to-back seizures for several hours. *Id.*

### C. Ms. Bell-Shannon's Grievance History

On August 27, 2019, Ms. Bell-Shannon submitted a formal grievance stating that she was not receiving adequate seizure medication. Dkt. 22-2, p. 2. She complained that she was experiencing one to two seizures every month, informed prison officials that her Keppra prescription was not working and asked that the medical staff reinstate her Topamax prescription. *Id.* On September 5, 2019, Ms. Bell-Shannon submitted a grievance appeal to the Warden of her facility. *Id.* at 1. On September 19, 2019, Ms. Bell-Shannon disagreed with the appeal response, thereby completing the grievance process. Dkt. 22-1, para. 20.

Elizabeth Haven is employed as the grievance coordinator at Rockville Correctional Facility. *Id.* at para. 1. Based on Ms. Haven's review of Ms. Bell-Shannon's grievance records, it appears that Ms. Bell-Shannon did not complete a separate grievance process regarding her allegations that Nurse Davis denied her medical treatment on March 20, 2019, or that Dr. Cox failed to provide her with adequate seizure medication before April 2, 2019. *Id.* at 22.

## III.
## DISCUSSION

### A. Standard for Exhaustion of Administrative Remedies

The substantive law applicable to this motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which provides, "No action shall be brought with respect to

prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; *see Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted).

Exhaustion of available administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90. Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d 1022, 1025 (7th Cir. 2002).; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Exhaustion is an affirmative defense, and the defendants in this case bear the burden of demonstrating that the plaintiff failed to exhaust all available administrative remedies before he filed this suit. *Kaba v. Stepp*, 458 F.3d 678, 680-81 (7th Cir. 2006).

"In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). Separate grievances are not required where the underlying prisoner complaints are the same. *Id.* However, where the underlying claims are different, the prisoner must grieve each of these claims separately. *Waldrop v. Wexford Health Sources, Inc.*, 646 F. App's 486, 490 (7th Cir. 2016).

### B. Ms. Bell-Shannon's Claims

Defendants concede that Ms. Bell-Shannon exhausted her administrative remedies with respect to the claim alleging that Dr. Cox should have prescribed Topamax rather than Keppra to treat her seizures. Dkt. 21 at 9–10. But they contend that Ms. Bell-Shannon's claim in this case should be limited to that issue because she did not exhaust administrative remedies with respect to any other claims. Ms. Bell-Shannon did not respond to the defendants' motion, which was filed in April 2020. *See IndyCar LLC v. Casey*, 1:16-cv-1274-TWP-MJD, 2017 WL 6508875 at *4 (S.D. Ind. Dec. 20, 2017) (Failure to respond to summary judgment deems the moving party's recitation of the facts admitted and undisputed).

The undisputed facts demonstrate that Ms. Bell-Shannon filed one grievance. Dkt. 22-2 at 2. That grievance is dated August 27, 2019 and, with respect to seizures, states: "I'm still having 1-2 seizures a month the Keppra has not been successful in controlling the seizures I was on topamax before I came here and it helped control my seizures." *Id.* It does not allege that Ms. Bell-Shannon was denied timely treatment for seizures, but only complains that she should have been prescribed a different medication (Topamax rather than Keppra). To the extent that Ms. Bell-Shannon seeks to assert claims against Dr. Cox for actions other than prescribing Keppra rather than Topamax, the designated evidence shows that she failed to exhaust administrative remedies. The motion for summary judgment in favor of Dr. Cox is granted with respect to any issues other than her having prescribed Keppra rather than Topamax.

Similarly, the defendants have shown that Ms. Bell-Shannon failed to exhaust her available administrative remedies with respect to her claims against Nurse Davis. The claim against Nurse Davis involves her alleged failure to provide immediate medical treatment on March 20, 2019 for an acute problem. This issue was not raised in Ms. Bell-Shannon's grievance and the designated

evidence shows that Ms. Bell-Shannon did not otherwise take any steps to raise this issue through the administrative grievance process. Because there is no evidence that Ms. Bell-Shannon completed the grievance process for this claim, the motion for summary judgment is **granted** as it relates to Nurse Davis.

## IV.
## CONCLUSION

The motion for summary judgment, dkt. [20], is **granted** except as to the issue of Dr. Cox having prescribed Keppra rather than Topamax.

Ms. Bell-Shannon previously informed the Court that her earliest possible release date was January 12, 2020. Dkt. 9, para. 1. Since her release, she has not filed anything with the Court and has not updated her mailing address. Her copy of the Entry Directing the Development of the Exhaustion Defense was returned to the Court by the United States Postal Service as undeliverable on March 19, 2020. *See* dkt. 19. The Court now **ORDERS** Ms. Bell-Shannon to provide an updated mailing address by **February 19, 2021**. Failure to meet this deadline may result in dismissal of the action for failure to prosecute.

**SO ORDERED.**

Date: 1/21/2021

                                              *James Patrick Hanlon*
                                              James Patrick Hanlon
                                              United States District Judge
                                              Southern District of Indiana

Distribution:

BARBARA BELL-SHANNON
240121
ROCKVILLE - CF
ROCKVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels

811 West 50 North
Rockville, IN 47872

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Angela Marie Rinehart
KATZ  KORIN CUNNINGHAM, P.C.
arinehart@kkclegal.com